The TOWN OF NEW WINDSOR and the State of New York, Plaintiffs,

v.

TESA TUCK, INC. and Lightron Corporation, Inc., Eugene Littman, Harry Basch, Mearl Corporation, and Kollmorgen Instruments Corporation, Defendants.

TESA TUCK, INC. and Lightron Corporation, Inc., Third–Party Plaintiffs,

v.

The UNITED STATES of America, James S. Patsalos, James S. O'Neill, Charles T. Kavanagh, Cornell Group Service Corp., the New York State Department of Transportation, City of Newburgh, and the New York State Thruway Authority, Third–Party Defendants.

No. 92 CV 8754.

United States District Court, S.D. New York.

July 22, 1996.

As Amended Sept. 4, 1996.

Kimberly Shaw Rea, Bleakley Platt & Schmidt, White Plains, NY, for Plaintiff.

Nicholas Z. Hegedus, Kiefferr and Hahn, New York City, for Defendant, Third–Party Plaintiff and Cross Claimant Tesa Tuck, Inc.

Robert Emmet Hernan, Asst. Atty. Gen., N.Y.S. Department of Law, Environmental Protection Bureau, New York City, for Third–Party Defendants N.Y.S. Thruway Authority, the N.Y.S. Dept. of Transportation and the State of New York.

Edwin Eisen, Eisen, Herschcopf & Schulman, New York City, for Third–Party Defendant Mearl Corporation.

**316**

Donna Frosco, Keane & Beane, White Plains, NY, for Defendant and Third–Party Plaintiff Lightron Corporation.

Gideon A. Schor, Asst. U.S. Atty., United States Attorney's Office, New York City, for Third–Party Defendant United States of America.

### MEMORANDUM DECISION AND ORDER

PARKER, District Judge.

This action under the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. § 9601, *et seq.,* as amended by the Superfund Amendments and Reauthorization Act of 1986 ("SARA"), P.L. 99–499 (October 17, 1986), and state law is before this Court on the motion of third-party defendant, the United States of America ("the Government"), for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Third-party plaintiffs have asserted CERCLA § 113(f) claims for contribution against the Government based upon its ownership of a strip of land adjacent to the New Windsor landfill. Familiarity with the facts and this Court's prior decision of March 14, 1996 is assumed. The facts specifically relevant to this motion are summarized below.

The Town of New Windsor operated the New Windsor landfill from 1962 through 1976. The landfill encroached 100–150 feet upon an adjacent strip of land. The Government owned the strip of land, which was a part of the Stewart Airport property, until October 16, 1970, when it deeded the Airport to the Metropolitan Transportation Authority ("MTA"). The MTA owned the Airport until June 21, 1982, when the New York State Department of Transportation ("DOT") acquired ownership. DOT still owns the Airport.

The Government moves for summary judgment on the grounds that there is no evidence that it is a "responsible party" under CERCLA. Specifically, the Government argues that third-party plaintiffs have no evidence that the Government owned or operated a facility when a hazardous substance was disposed of there.

Rule 56 of the Federal Rules of Civil Procedure authorizes summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The Court's responsibility is to perform "the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *McNeil v. Aguilos,* 831 F.Supp. 1079, 1082 (S.D.N.Y. 1993) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986)); *Western World Ins. Co. v. Stack Oil, Inc.,* 922 F.2d 118, 121 (2d Cir.1990). In determining whether a genuine issue of material fact exists, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See McNeil,* 831 F.Supp. at 1082 (citing *United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962) (per curiam) (other citations omitted)). *See also Coach Leatherware Co., Inc. v. AnnTaylor, Inc.,* 933 F.2d 162, 167 (2d Cir.1991) (citations omitted).

Liability under CERCLA is imposed where a plaintiff establishes the following five elements: (1) the defendant falls within one of the four categories of "responsible parties" enumerated in § 107(a); (2) the site of the clean-up is a facility under § 101(9); (3) there is a release or threatened release of hazardous substances at the facility; (4) as a result of which plaintiff has incurred response costs; and (5) the costs incurred conform to the national contingency plan ("NCP") under § 107(a)(4) as administered by the EPA. *See U.S. v. Alcan Aluminum Corp.,* 990 F.2d 711, 719–20 (2d Cir.1993) (citing *B.F. Goodrich Co. v. Murtha,* 958 F.2d 1192, 1198 (2d Cir.1992)).

CERCLA defines "facility" to include "any ... landfill ..., or any site or area where a hazardous substance has been disposed of, or placed, or otherwise come to be located...." 42 U.S.C. § 9601(9). Under § 107(a), a "responsible party" includes:

(2) any person who at the time of disposal of any hazardous substance owned or oper-

ated any facility at which such hazardous substances were disposed of . . ."

42 U.S.C. § 9607(a)(2).

■ The Government argues that third-party plaintiffs have no evidence supporting their claim that the Government owned the strip when a hazardous substance was disposed of there. The only evidence offered by third-party plaintiffs is the Remedial Investigation, which states that "[t]he Town of New Windsor operated the landfill from 1962 to 1976, reportedly accepting both municipal and industrial wastes," and "the landfill ha[s] encroached onto adjacent properties to the west and northwest." Exhibit E, p. ES–1. The Government correctly states that this evidence is insufficient to establish that hazardous substances encroached upon the strip on or before October 16, 1970, when the Government owned it.

In opposition, third-party plaintiffs argue that the Government has raised a divisibility-of-harm defense on which it bears the burden of proof. Third-party plaintiffs argue that the Government's assertions that the operation of the landfill can be divided into distinct time periods and distinct geographical segments are properly considered only for purposes of apportioning damages after liability has been established.

■ Although it is true that where a defendant seeks to apportion damages according to its own contribution to the harm, it is the defendant's burden to establish that the damages are capable of such apportionment, *see United States v. Alcan Aluminum Corp.,* 964 F.2d 252, 269 (3d Cir.1992), third-party plaintiff's argument that the Government has the burden of proof here has no merit. Third-party plaintiffs have failed to produce any evidence of a key element of CERCLA liability: that the Government is a "responsible party." There is simply no evidence that the Government owned a facility when a hazardous substance was disposed of there. *See* 42 U.S.C. § 9607(a)(2); *State of New York v. Shore Realty Co.,* 759 F.2d 1032, 1043 (2d Cir.1985). Third-party plaintiffs having failed to establish an element of liability, the burden of proof does not shift to the Government. Accordingly, the Government's motion for summary judgment is granted. *See Joslyn Manufacturing Co. v. Koppers Co.,* 40

F.3d 750, 761–62 (5th Cir.1995) (affirming judgment in favor of defendant when plaintiff failed to show that toxins were disposed of during defendant's brief period of ownership).

The Government also argues that, even if it did own a facility when a hazardous substance was disposed of there, it has established the "Third Party" affirmative defense. Because summary judgment is warranted on the basis that the Government is not a "responsible party," it is not necessary to reach the issue of whether the Government has established its "Third Party" affirmative defense.

In conclusion, the motion of third-party defendant, United States of America, for summary judgment is granted.

SO ORDERED.